```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                     ATHENS DIVISION
```

AMANDA BEHENDRESEN DALTON,      *

    Plaintiff,              *

vs.                             *
                                       CASE NO. 3:12-cv-82 (CDL)
VANHEATH, LLP D/B/A EENOCO      *
SUSHI-STEAK-SEAFOOD AND HEATH
BURTON,                         *

    Defendants.             *

## O R D E R

In this action, Plaintiff Amanda Behendresen Dalton asserted claims against her former employer, Van Heath LLP, and against Heath Burton, who was her supervisor and the owner of Van Heath.  Dalton alleged that Burton sexually harassed her during her three-week period of employment with Van Heath, and fired her when she refused to have sexual relations with him. Dalton asserted claims against Van Heath for sexual harassment and unlawful retaliation pursuant to Title VII and for negligent supervision and retention under Georgia law.  She also asserted a separate state law claim against Burton for assault.  In her complaint, Dalton sought compensatory damages, punitive damages, injunctive relief, and litigation expenses, including attorney's fees.

1

Van Heath and Burton filed an answer to Dalton's Complaint, but the answer was not signed as required by Rule 11 of the Federal Rules of Civil Procedure. The Court ordered Defendants to amend their answer by signing it within 21 days. Text Order, October 18, 2012. The Court also notified Defendants that if they failed to comply with the Court's Order, their answer would be stricken and they would be placed in default. *Id*. When Defendants failed to comply with the Court's Order, Dalton filed a motion to strike their answer. Defendants filed no response to the motion, and the Court subsequently granted the motion. Text Order, December 27, 2012. Upon striking the answer, the Court directed the Clerk to make an entry of default in favor of Plaintiff and against Defendants. The Court scheduled a hearing for Dalton to prove her unliquidated damages, but before that hearing was held, Burton filed for protection under Chapter 7 of the Bankruptcy Code. Upon the filing of his Suggestion of Bankruptcy in this Court, ECF No. 17, this action was automatically stayed. It was anticipated that Dalton would pursue her claims against Burton in the Bankruptcy Court. Counsel for Dalton concluded that her claims against Burton were non-dischargeable in bankruptcy because they arose from willful and malicious conduct, and Dalton filed a motion to withdraw the reference to the Bankruptcy Court, which this Court granted. ECF No. 21. The Court then held a hearing on Dalton's

unliquidated damages on October 25, 2013.  Plaintiff's motion for default judgment is presently pending before the Court (ECF No. 24).  Based upon the evidence presented at the hearing, the Court grants that motion as follows.  The Court makes the following findings of fact and conclusions of law and directs the Clerk to enter default judgment in favor of Plaintiff and against Defendants as explained in the remainder of this Order.

## DISCUSSION

### I. Dalton's Claims Against Van Heath

Pursuant to her Title VII claims against Van Heath, Dalton is entitled to compensatory damages, equitable relief, and her litigation expenses including attorney's fees.  42 U.S.C.A. § 2000e-5(g); 42 U.S.C.A. § 1981a(a)(1).  The Court finds that Burton subjected Dalton to serious and severe sexual harassment during her three weeks of employment with Van Heath, and that Burton fired Dalton when she refused to have sexual relations with him.  The Court finds that this harassment and retaliation caused Dalton to lose wages and caused her to experience significant emotional distress and anxiety.  This distress affected her physically, including making it difficult for her to sleep and maintain other significant relationships.

Generally, a court may award back pay damages as a type of equitable remedy to a victim whose loss of employment arises from a violation of Title VII.  42 U.S.C.A. § 2000e-5(g)(1).

3

Dalton is entitled to recover damages for her loss of back pay. Although such damages are typically awarded from the date of the employee's termination until the date of trial, the undisputed evidence shows that Van Heath went out of business approximately one year after Dalton was terminated. Therefore, the Court finds it appropriate to award Dalton back pay damages for that one-year period, which amount proven at the hearing is $20,800.

Dalton also seeks front pay which may be awarded as an equitable remedy under Title VII. Since Van Heath is no longer in business, the Court finds that front pay would not be appropriate under these circumstances. Dalton has failed to prove that she would have received any wages from Van Heath after the date that it ceased operations even if there had been no Title VII violations and she had remained employed there.

Dalton is entitled to recover compensatory damages for her emotional distress and anxiety and the effects of that distress. Although she was only subjected to Dalton's harassing behavior for three weeks, the Court finds that the inexcusable behavior was so extreme that it caused Dalton severe emotional distress that affected her mentally and physically. The Court finds that reasonable compensation for what she endured is $50,000.

Dalton is also entitled to recover her litigation expenses, including reasonable attorney's fees. The Court finds that using the lodestar method, Dalton sufficiently proved that her

4

reasonable litigation expenses amounted to $17,444.00. The Court awards her those expenses.

Accordingly, judgment shall be entered in favor of Dalton against Van Heath in the total amount of $88,244.00.[1]

## II.  Dalton's Claim Against Burton

In addition to her claims against Van Heath, Dalton also asserts a state law claim against Burton for assault. She seeks compensatory damages, punitive damages, and litigation expenses, including attorney's fees. This claim is based on Burton's sexual harassment of her, including her reasonable belief that his conduct would result in actual physical battery and harm. The Court finds that Burton's unlawful assault caused Dalton severe emotional distress, anxiety, and mental suffering. The Court further finds that Burton's conduct was malicious, willful, and wanton. Georgia law authorizes damages in a tort action even if the entire injury is to the "peace, happiness, or feelings of the plaintiff . . ." O.C.G.A. § 51-12-6. If the tortfeasor's conduct is malicious or willful, such recovery may be had even if the plaintiff did not suffer pecuniary damages or a physical injury. *See Phillips v. Marquis at Mt. Zion-Morrow, LLC,* 305 Ga. App. 74, 76-77 (2010) (explaining no recovery because tortfeasor's conduct was not willful or malicious). The

---

[1] The Court finds that Dalton would not be entitled to any additional damages under her state law negligent hiring/retention claim, and therefore, the Court finds it unnecessary to make a separate award for that claim.

measure of damages for this type of injury is left to the enlightened conscience of the factfinder. O.C.G.A. § 51-12-6. Having considered what Dalton had to endure, the mental distress and anxiety she suffered, and the circumstances surrounding Burton's conduct, the Court finds that Dalton should recover $60,000.00 against Burton under Dalton's assault claim.[2]

Generally, litigation expenses are not recoverable simply because a party has prevailed on a tort claim. *See Cary v. Guiragossian*, 270 Ga. 192, 195, 508 S.E.2d 403, 406 (1998) ("As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract."). In this case, Dalton did not allege in her complaint that she was entitled to attorney's fees pursuant to O.C.G.A. § 13-6-11 because Burton's conduct was in bad faith, was stubbornly litigious, or caused her unnecessary trouble and expense. It appears clear from her complaint that her claim for attorney's fees was based on the Title VII violations. Accordingly, the Court finds that based on the present record, Dalton is not entitled to her litigation

---

[2] The Court notes that when damages are awarded pursuant to § 51-12-6, punitive damages shall not be awarded. But the Court also notes that the Court may take into consideration the nature of the tortfeasor's conduct and is not limited to what the plaintiff suffered in assessing the appropriate amount of damages. *See Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1249 (11th Cir. 2001) (explaining that damages awarded under O.C.G.A. § 51-12-6 "are in part punitive and in part compensatory[,]" so the statute forbids punitive damages awards under § 51-12-5 or 51-12-5.1 to prevent double recovery). This explains in part why the Court's award of damages against Burton pursuant to Georgia law is different than the Court's award of compensatory damages against Van Heath under Title VII.

expenses against Burton. She is entitled to recover, however, $1,000 for her litigation costs and expenses which the Court previously awarded during the pendency of this litigation. Text Order, October 18, 2012.

Accordingly, judgment shall be entered in favor of Dalton against Burton in the amount of $61,000.00.

### III. Dischargeability of Judgment in Bankruptcy

The Court finds that Burton's conduct was malicious and willful, and therefore, Dalton's judgment against him is not dischargeable in bankruptcy. 11 U.S.C.A. § 523(a)(6).

CONCLUSION

Dalton's motion for default judgment (ECF No. 24) is granted as explained in this Order. Accordingly, the Clerk is directed to enter default judgment in favor of Dalton against Van Heath, LLP in the amount of $88,244.00 and in favor of Dalton against Heath Burton in the amount of $61,000.00. Plaintiff shall also recover her costs as taxed by the Clerk. The judgment against Burton shall not be dischargeable in bankruptcy.

IT IS SO ORDERED, this 30th day of December, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE